21402

Marion PAULING, Appellant, v. STATE of South Carolina, Resondent.

(275 S. E. (2d) 881)

Chief Atty. John L. Sweeny and Staff Atty. Tara D. Shurling, S. C. Commission of Appellate Defense, Columbia, for appellant.

Atty. Gen. Daniel R. McLeod and Asst. Atty. Gen. William K. Moore, Columbia, for respondent.

March 5, 1981.

LEWIS, Chief Justice:

Appellant was convicted in 1976 of the rape of an eleven year old girl. The crime allegedly occurred in September 1973. The lapse of time before trial was apparently due to his flight from the State. In 1978, he filed a petition for post conviction relief, alleging that he received ineffective assistance of counsel at his trial. He has appealed from an order of the lower court denying his petition. We affirm.

At the time of the crime, appellant was a parolee from a psychiatric rehabilitation center in Maryland. His basic position in this proceeding is that his lawyer was ineffective in failing to request information from the Maryland mental institution in light of his prior mental problem and his involvement with alcohol on the day of the crime. Apparently, he seeks to establish that he is subject to psychotic reaction to alcohol in order to bolster his defense of insanity by reason of intoxication. He claims that his attorney should have obtained the medical records from the mental institution and medical testimony concerning his prior mental condition so as to establish his plea of insanity. Appellant stated that his mental condition had been diagnosed as paranoid schizophrenia.

Appellant testified at his trial. He related his activities on the morning of the day the crime was allegedly committed and that he consumed a considerable amount of alcoholic beverages during the morning. After the consumption of the alcoholic beverages, he said that he did not remember anything and did not remember any of the events that took place at the time the crime was committed, which was shortly after 12:30 p. m. on the same day of appellant's drinking activities. Although appellant claims now that he had a mental condition that predated the alleged crime, which should excuse his acts, he was able to recall with little difficulty prior events which occurred in his life until shortly before

the alleged crime. His description of the loss of his memory was described by him as follows:

". . . so then we went on to town and got some more whiskey, or wine, or something, . . ., but I think it was wine. I think it was some wine and beer, . . ., and after we got back, we went back out into the country and we started drinking, . . ., and after that I don't remember."

Appellant admitted that he knew, when he drank alcohol, he had unusual reactions. His testimony shows that he voluntarily consumed alcohol knowing the unusual reaction that it would have on him. His defense, therefore, amounted to no more, in substance, than a plea of voluntary drunkenness, which is no defense.

We find nothing in the record to sustain a contention, if made, that appellant was incompetent to stand trial. His own testimony failed to sustain a plea of insanity and, no doubt, explains why his counsel concluded that psychiatric testimony would be of no benefit.

We agree with the trial judge that appellant's allegations of ineffective assistance of counsel are without merit.

Judgment affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

HARWELL, J., not participating.